*550 OPINION of the Court, by
Judge Owsley.
The appellees, as paupers, brought suit in the late Bourbon district court, against the appellants, asserting their right to freedom, under the act of assembly of 1778, for preventing the further importation of slaves. On the trial of the issue joined in that cause, in the year 1801:s *551 t verdict and judgment was obtained in favor 'of the appellants; after which, in the year 1806, the appellees exhibited their bill in the circuit court of Bourbon, to obtain a new trial of the issue at law. They charge that they were imported from the. state of Maryland , .1 , V , , , • , ' , r mto tins state, by Edmund I ticker, m the month ot May 1785 ; that by the then laws every person importing slaves, with intention of becoming a citizen, should, within ten days, take the oath prescribed by the act of 1778 ; that said Edmund Tucker did not comply with the law and take the oath prescribed thereby; that on the trial of the issue at law they were surprised by the evidence of James Garrard, Esq. and John Edwards, the one proving that Edmund Tucker did take the oath before him as justice ot Bourbon county, the other proving, as clerk of said court, that such a certificate was registered ; that since the trial at law they have discovered that Bourbon was formed into a county in the year 1786, whereby the oath could not have been administered by Tames Garrard, as justice of Bourbon, ... , . J J , , , J .. * , within the time prescribed by the act of 1778. And by their amended bill they charge that on the trial at law it was taken for granted that Tames Garrard, Esq. ' • • c i r ' , ,. - was a justice of the peace for r ayette county, before Bourbon was formed into a county, and that said Gar-rard on the trial could not say whether he was ever a . . ,• ,» , . •, , . ,, justice for T ayette; and that they have since discovered that James Garrard was commissioned a justice Fayette the 22d December 1785, after their right freedom accrued ; and asa proof of the fact, exhibit a certificate of the lieutenant governor, in the absence of the governor of the state of Virginia, with the seal of that state annexed. They pray that a new trial may be awarded, and for general relief.
A new: trial ougl“ "ot “i* plaintiff he-cause ⅛ went uni’re¡>at~
Application ⅛ the chancellor lor anew t«-⅛ an act;0tt at loond cion. law is ad-to his dhcie-
The confe-9“ences co the adverfc party ¡f the new trial decreed,
l»pfeof ch-vmyean »f_ 1 for a new trial is brought to a jjear'n«>where-0f the adverts pv’-y may have tb“n d lo” by weakened ’ by impaired circumftances which wpuli a retufaf °^k d*e reilef
*551 The defendants filed a demurrer to the bill, which upon a hearing was overruled, and tne appellants ordered, to make answer thereto; after winch they answered the bill, putting the defendants upon the proof of the material allegations of the bill.
On the final hearing the court decreed that the diet and judgment at law be rescinded, set aside and held for nought, and that the defendants be severally free and discharged from bondage ; from which decree this appeal has been prosecuted.
.yrsanifeftly . clear to juftify the decree for a new trial, after luch.a iapfe The cafe ought to be
Jt becomes necessary, therefore, to inquire whether the defendants have made out such a case as will justify the interposition of the chancellor. For the purposes of justice, new trials are sometimes awarded by the chancellor, upon the discovery of written evidence which could not possibly be used on the first trial, and which, if used, would have produced a different result. But in every case the party applying for the aid,of the chancellor, should, by the allegations of his bill, shew clearly and satisfactorily that the evidence discovered is material, and if used would have produced a different verdict. It is not enough that the person asking the aid of chancery shews that the verdict in the trial at law is not just, but he must shew that the evidence discovered, when connected with the facts proved on the trial at law, entitles him to a verdict in his favor. Whether the evidence alleged bv the defendants to have been discovered, would have produced any effect, when connected with the other evidence given by them on the trial at law, from the allegations in the bill it is impossible to perceive. They claim their freedom under the act of the Virginia legislature of 1778, prohibiting the importation of slaves. To entitle them to freedom under that act, the}' should have been imported into that state, and Edmund Tucker, their master, must have failed to take the oath required within the time prescribed by the act. To have shewn the evidence discovered was material, it was essential that the defendants should have alleged in their bill at what time the proof made on the trial at law established they were imported. For if they were brought into the state of Virginia in 1786, or if the evidence proved to the satisfaction of the jury that they were then imported, the discovery that James Garrard was not commissioned a justice of the peace until December 1785, for Favette county, and for Bourbon county not until-— 1786, could not be material. But the bill is altogether silent as to what was the proof in relation to that point, and consequently we cannot say that the date of James Garrard’s commission would have been material on that trial. It is true the bill alleges that the negroes were brought to the then state of Virginia, now this state, in May 1785. , And:: arguing upon the admission of the truth of that allegation, the evidence discovered might be material on the trial of *553 an issue wherein their freedom was involved ; but upon a bill for a new trial, the question is not abstractedly whether the defendants have a right to their freedom, but whether a new trial should be decreed upon a discovery of evidence.
In deciding therefore upon the materiality of that evidence, its relevancy and materiality should be considered in relation to the evidence then given on the trial, and not in relation to what the defendants may allege the fact to be ; for if it be true that they were imported in 17 85, and upon the trial of the issue the fact was not proven, the court should not interpose and grant a new trial, upon the discovery of evidence which would be material in relation to that fact ; for a new trial should in no case be granted because a party did not come prepared for trial. We think therefore the bill does not exhibit such a case as should be relieved in chancery ; but could this objection be removed, others present themselves which produce insuperable difficulties t@ the granting a new trial. Applications for new trials are always to the sound discretion of the chancellor, and the effects and consequences resulting to the adverse party from granting relief, should be viewed and maturely considered.
In the present case, the trial at law seems to have been had about eleven years ago, and from the depositions taken in the cause, it is manifest the recollection of some of those witnesses upon whose evidence the verdict at law was given, has become much impaired, and in all probability if they were now required to give evidence, facts which were familiar to them at the other trial, could not now be remembered with any precision or certainty. The consequences resulting to the appellants, might, and probably would be the impossibility of proving many material facts involved in the trial of the issue, owing to the failure of the memory, or the death of witnesses. After such a lapse of time, when such consequences would probable ensue, the case should be manifestly clear to justify the interposition of a court of chancery. Such it is concei - vecl is not the case of the appellees: for if the evidence taken in this cause is the same that was used on the trial of the issue at law, a new trial should not be granted.
*554 Whether the date of James Garrard’s commission aS a justice is material, depends on the time when'the evidence proves Edward Tucker imported the appellees to this country ; for ¡fit was not until 1786, the evidence discovered is altogether immaterial. That the finding of the jury was predicated upon the feet of Tucker’s havingiimported the appellees in 1/86, is very probable ; and if so, it was not a finding without, or contrary to evidence. The evidence in relation to that point, is riot absolutely clear and incontrovertible ; but it is of that description from which a jury might rationally infertile fact. That Edward Tucker, within a very few days after his arrival in this country, was informed of the necessity of taking the oath ; that James Garrard was then a justice of the peace ; that he did actually take the oath before Garrard, and that Garrard did not act as a justice until 1786, are facts satisfactorily proven. And although some of the witnesses speak of Tucker’s coming to the country in 1785, yet when that evidence is opposed to those other facts which appear dearly established, the probability is great, that the witnesses are mistaken as to the year in which Tucker removed. If therefore the jury may have been induced to find against the appellees, upon the supposition that they were imported in the year 1786, and the finding is not so manifestly contrary to evidence as to authorise a new trial, it cannot be said that the evidence discovered is material, and consequently, a new trial should not be awarded for that cause.
Upon the whole, we are of opinion that the decree of the circuit court is erroneous, and must be reversed ; the cause remanded and the appellees’ bill dismissed.